IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE J. SYKES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.  **08-179-JPG-CJP** |
| ) | |
| **ADRIAN FEINERMAN, LINDA DAILY,** ) | |
| **RASHIDA POLLION, KIM CRISS,** ) | |
| and **UNKNOWN PARTIES JOHN DOE,** ) | |
| **JOHN DOE SHIRLEY and JOHN DOE** ) | |
| **MEDICAL TECH**, ) | |
| ) | |
| Defendants. ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendants' Motion for Summary Judgment. **(Doc. 84)**.  The motion is filed on behalf of the four named defendants, Adrian Feinerman, M.D., Linda Daily, R.N., Rashida Pollion and Kim Criss.[1]  The motion is combined with a memorandum in support and is supported by medical records and the affidavit of Dr. Feinerman, which is filed at **Doc. 88.**

Defendants served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**.  **(Doc. 85)**.  Plaintiff has not filed a response, and the time for doing so has expired.  Pursuant to Fed.R.Civ.P. 56(e), the facts established by the motion and exhibits thereto are considered to be undisputed.  Further, pursuant to Rule 7.1(c) of this District's Local Rules, the Court deems the failure to respond to be an admission of the merits of the motion.

---

[1] In addition to the named defendants, plaintiff sued three unknown parties: John Doe, John Doe Shirley and John Doe Medical Tech.

1

### Nature of Plaintiff's Claims

Plaintiff Eddie J. Sykes is an inmate in the custody of the IDOC. He brings suit pursuant to 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs. The events complained of occurred while plaintiff was incarcerated at Menard Correctional Center from September 26, 2007, through June 25, 2008.

Mr. Sykes believes that he suffers from an enlarged prostate and that his prostate condition causes him various symptoms, such as constipation, difficulty in urination, and abdominal pain. Plaintiff alleges that defendants have denied that he has an enlarged prostate, they have ignored his requests for medical attention, and have failed to provide him with effective treatment.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** see *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc*.**, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented

at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a pro se inmate, and his pleadings must be liberally construed. *Duncan v. Duckworth*, **644 F.2d 653, 655 (7th Cir. 1981).**

### Grounds for Summary Judgment

Defendants argue that plaintiff failed to exhaust administrative remedies before filing suit. Plaintiff admits in his complaint that he filed suit before he received a reply to his grievance. **See, Doc.1, p. 6.**

As there is no dispute as to the facts regarding exhaustion, a hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** is not necessary.

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy,

and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case.  **See 42 U.S.C. § 1997e(a); and** *Perez***, 182 F.3d at 535-536.**  The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

The IDOC grievance system is set forth in 20 Ill. Administrative Code §504.800 *et seq*.  In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e*., the warden).  Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."  The warden responds in writing of his decision.  If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB).  Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  *Pozo v. McCaughtry,* **286 F.3d 1022, 1024 (7th Cir. 2002).**

20 IL ADC 504.850(f) provides that, at the third and last stage of the grievance process, "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances."

### Analysis

Plaintiff stated in his complaint that he filed emergency grievances on November 5, 2007, and November 24, 2007, but did not receive replies.  **Doc. 1, p. 7**.  He attached copies of letters that he wrote to the warden on those dates, but the record does not contain any grievances from

4

those dates.  The letters are not on IDOC grievance forms, and do not constitute grievances within the procedures set forth in §504.800 *et seq*.  Exhaustion means "proper exhaustion;" that is, the inmate must file a timely grievance utilizing the procedures put in place by the prison system.  **Woodford v. Ngo**, **126 S.Ct. 2378, 2385 (2006),**  citing *Pozo, supra*.

Plaintiff also attached grievance forms he submitted about medical care at Menard, dated December 4, 2007, and February 22, 2008.  He submitted these grievances as "emergencies."  Lastly, he attached a memo from a grievance officer, dated December 7, 2007, which states that the grievance was deemed a non-emergency, and it must be submitted using the regular grievance procedures.

The record establishes that plaintiff did not exhaust a grievance as to the medical care rendered to him by defendants *before* he filed suit.  Plaintiff signed his complaint on March 5, 2008.  It was received by the Court on March 7, 2008.  According to defendants' motion for summary judgment, plaintiff has exhausted one grievance regarding medical treatment for prostate issues., but that grievance was not exhausted until July 15, 2008, when the ARB denied his appeal.  **See, Doc. 84, Ex. 51.**  The denial states that the grievance was received on December 31, 2007.  Thus, the denial by the ARB was well within the time frame set forth in the applicable regulations.

It is well established that exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending.  **Ford v. Johnson**, **362 F.3d 395, 398 (7th Cir. 2004)**.  Because plaintiff did not exhaust a grievance about medical treatment before he filed suit, the motion should be granted.  Further, the case should be dismissed as to all defendants, including the John Doe defendants, as they are in the same position as the moving defendants.  See, **Bonny v. Society of Lloyd's**, **3 F.3d 156, 162 (7th Cir.**

**1993).**

## Recommendation

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 84)** be **GRANTED**.  This case should be dismissed without prejudice as to all defendants.  **See,** *Ford v. Johnson*, **362 F.3d 395, 401 (7th Cir. 2004).**

Objections to this Report and Recommendation must be filed on or before **October 22, 2010.**

**Submitted: October 5, 2010.**

                                           **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITED STATES MAGISTRATE JUDGE**