UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

EDDIE J. SYKES,

      Plaintiff,

      v.

ADRIAN FEINERMAN, *et al.*,

      Defendants.

Case No. 08-cv-179-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Clifford J. Proud's Report and Recommendation ("R & R") (Doc. 89) of October 5, 2010, wherein it is recommended the Court grant Defendants Kim Criss, Linda Daily, Adrian Feinerman, and Rashida Pollion's ("Defendants") Motion for Summary Judgment (Doc. 84), dismiss this matter as to all Defendants without prejudice, and direct entry of judgment. Plaintiff Eddie Sykes ("Sykes") filed a timely Objection (Doc. 90) thereto, to which Defendants filed a Response (Doc. 92).

For the following reasons, the Court **ADOPTS** the R & R.

**STANDARD OF REVIEW**

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed

1

necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Sykes does not exactly object to the contents of the R & R; rather, he rationalizes his failure to respond to Defendants' summary judgment motion. While this may warrant application of a clear error standard of review, the Court has reviewed the R & R *de novo*.

**ANALYSIS**

Because Sykes failed to respond to the underlying summary judgment motion, Magistrate Judge Proud was free to find the Defendants' assertions of fact to be undisputed and deem the merits of the motion admitted. Fed. R. Civ. P. 56(e)(2); S.D. Ill. L. R. 7.1(c).

With that said, Magistrate Judge Proud erred in reporting that the record does not contain formal grievances filed by Sykes on November 5 and November 24, 2007. The Court has scoured the record and found that Sykes produced proper grievances for such dates in his Response (Doc. 67) to Defendants' interrogatories. *See* Doc. 67-2, pp. 1-4. In fact, Sykes has even produced a letter from Jody Hathaway, Warden of the Shawnee Correctional Center, denying his November 5 grievance. The record, however, reveals only *one* written statement by the Administrative Review Board ("ARB") and final determination by the director of the Illinois Department of Corrections ("IDOC"), which denied Sykes' grievance "received on December 31, 2007," on July 15, 2008. Doc. 67-2, p. 23. This denial presumably relates to Sykes' aforementioned grievance of November 5, especially when one

considers its date, its constant reference to Sykes' ongoing health issues related to his prostate, and the letter from Warden Hathaway.

If an inmate wishes to file a federal lawsuit for alleged violations of his constitutional rights, he must first exhaust his administrative remedies. 42 U.S.C. § 1997e(a) (2006). In Illinois, the last stage of the applicable grievance process is clear: the inmate must typically afford the director of IDOC a reasonable time (usually no more than six months after receipt of the appealed grievance) to issue a final determination as to the findings and recommendations of the ARB. *See* Ill. Admin. Code tit. 20, § 504.850(f) (West 2010). This is something Sykes did not do. Skyes filed the operative Complaint (Doc. 1) on March 7, 2008, yet the only relevant final determination (by the director of IDOC) was not issued until July 15 of that same year. Put another way, Skyes jumped the gun despite the well-settled principle that exhaustion must occur before an inmate tenders his complaint to the district clerk. *Ford v. Johnson*, 362 F.3d 395, 398-99 (7th Cir. 2004).

In his objection to the R & R, Skyes makes a number of arguments why he did not respond to Defendants' motion for summary judgment, all of which are non-starters. Skyes received the proper summary judgment notice pursuant to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) at the time Defendants filed their motion, and he had nearly three months to respond to said motion before Magistrate Judge Proud tendered the instant R & R. Accordingly, the Court finds Sykes' rationale for his non-responsiveness to be unpersuasive. More importantly, Sykes does not cite any authority or provide any convincing argument that excuses his obvious failure to exhaust his administrative remedies.

As the R & R points out, this analysis should and will apply with equal force and effect to the unknown party Defendants.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 89) **as modified herein**, whereby the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 84) and **DISMISSES** this matter **without prejudice**. Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 8, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
